LIBBEY *v.* MT. WASHINGTON GLASS Co. and others.[1]

(*Circuit Court, D. Massachusetts.*   February 17, 1886.)

1. PATENTS FOR INVENTIONS—PARTY-COLORED GLASSWARE.
     On motion for preliminary injunction, letters patent No. 282,002, granted to Joseph Locke, July 24, 1883, for an improved article of glassware, and the process for making the same, sustained.
2. SAME—NOVELTY.
     This patent was for an article of glassware of ruby and amber colors, made from a gold-ruby compound, which was a well-known glass mixture containing gold.   Patentee discovered that, by reheating only a portion of the article, the ruby color was developed in the reheated portions, while the other portions remained amber colored, producing an article known as "amberina." This process of obtaining party-colored glassware had been before practiced, but not with gold-ruby compound,—the amber color had not been obtained, —except by accident, and then with no thought of utilizing the product,— and, although this fact undoubtedly led patentee to make the discovery, the patent was sustained.
3. SAME—DESCRIPTION OF INVENTION.
     The specification of this patent sufficiently describes the invention to enable persons skilled in the art to which it relates to produce the patented article.

[1] Reported by Charles C. Linthicum, Esq., of the Chicago bar.

4. SAME—DISCLAIMER PENDING SUIT.

    A disclaimer can be made after the suit is commenced; and the defendants in this case having knowledge of the scope of the patent, and sufficient time to prepare their defense to a motion for an injunction, *held,* that their rights had not been prejudiced in any degree by the disclaimer.

In Equity.
*Livermore & Fish,* for complainant.
*J. E. Maynadier,* for defendants.

COLT, J. This motion for a preliminary injunction is based upon the alleged infringement of letters patent No. 282,002, granted to Joseph Locke, July 24, 1883, for an improved article of glassware, and the process for making the same. The article of glassware described by Locke is of ruby and amber colors. It it made from what has long been known as the "gold-ruby compound," which is a glass mixture containing gold. By the old process for working gold-ruby, the compound was taken from the pot, and worked into the desired shape, it being then of an amber color. It was then reheated uniformly throughout, when it developed into a ruby color. Locke discovered that by reheating only a portion of the article, he could make it of two colors; the ruby color being developed in the parts so reheated, while the other portions of the article retain an amber color. The result is a new article of glassware, partly of amber, and partly of developed ruby, the two colors shading into each other and producing a beautiful and artistic effect. The article is known in the trade as "amberina," and it has had great success in the market from the beginning.

    Upon the evidence before us, the only other articles of glassware, prior to the discovery of Locke, composed of homogeneous stock and of variegated color, due to the subjection of parts of the article to reheating, were two in number. One compound has an opal shade, due to the mixture of bone with the glass, and is called opalite. The other article is pink and white, but what the coloring agent is does not appear. To a limited extent, therefore, the process of obtaining partycolored glassware by reheating portions of the article had been practiced before Locke. But no one before Locke discovered that the gold-ruby compound could be so treated, and that it would produce an article so attractive in appearance. In the old process of making ruby-colored glass, it was sometimes found that a portion of the article, which had escaped in some degree the reheating process, retained the amber color. Undoubtedly this fact led Locke to his discovery; but, prior to Locke, any amber color in the ruby glass was considered accidental, and the article imperfect, and only fit to be broken up and remelted.

    The defendants contend that the specification of the patent does not sufficiently describe the mixture which is used, but we take a different view. Gold-ruby was a well-known glass compound at the date of

the patent, and persons skilled in the art would understand what was meant, and could produce the patented article from the description given. The specification describes how to make party-colored glass from the gold-ruby compound, or "amber glass mixture." It then goes on to state that the patentee does not confine himself to an amber glass mixture containing gold, but includes other metals and substances employed to give color to glass compounds when subjected to heat, as described. The claims of the patent are as broad as the specification, and are not limited to any particular compound. Since bringing suit, the plaintiff has filed a disclaimer under the statute, in which he limits his claim to the gold-ruby compound. This the plaintiff had a right to do. Under the authorities cited by the plaintiff, this was a patent where a part could be properly disclaimed. It did not require the importation of anything new into the specification, but simply the elimination of a part of what was originally claimed. A disclaimer can be made after suit is commenced.

The argument of defendants that they have to meet a different case since the disclaimer, and that, therefore, a supplemental bill should be first filed, and then another motion for a preliminary injunction, does not seem to have much force in this case. The defendants have long been apprised of the real nature of this controversy, and that Locke's claim was confined to variegated glassware made from gold-ruby. This was the main issue in the interference proceedings in the patent-office between Locke and the defendant Shirley, where the examiners in chief, in a well-considered opinion, decided in favor of Locke as the prior inventor. The disclaimer has been filed since August 29th, and the defendants, so far as appears, have had sufficient time since then to prepare their defense to this motion. We do not see how their rights have been prejudiced in any degree by the disclaimer.

Motion for preliminary injunction granted.